IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| ONL-RBW LOGISTICS, LLC, | |
|     Plaintiff, | CIVIL ACTION NO.: 4:23-cv-145 |
|     v. | |
| ENGLEWOOD MARKETING GROUP, INC., | |
|     Defendant. | |

**O R D E R**

Before the Court is Defendant Englewood Marketing Group Inc.'s Notice of Removal. (Doc. 1.) The Court is concerned the jurisdictional allegations contained in the Notice of Removal are insufficient to establish complete diversity between the parties and, thus, this Court's jurisdiction.

When it appears that subject matter jurisdiction may be lacking, "'a federal court must inquire *sua sponte* into the issue. . . .'" Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1261 (11th Cir. 2000) (citation omitted). Relevant to this case, subject matter jurisdiction exists when the citizenship of the parties is completely diverse and the amount in controversy exceeds $75,000.00. 28 U.S.C. § 1332. Complete diversity requires that "no two adverse parties are citizens of the same state." Ranbaxy Lab'ys Inc. v. First Databank, Inc., 826 F.3d 1334, 1338 (11th Cir. 2016) (citing Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373, 98 S. Ct. 2396, 2402, 57 L. Ed. 2d 274 (1978)). "A party removing a case to federal court based on diversity of citizenship bears the burden of establishing the citizenship of the parties." Rolling Greens MHP, L.P. v. Comcast

SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004) (citing Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001)).

On April 28, 2023, Plaintiff filed this suit on an open account in the Superior Court of Chatham County, Georgia, against Defendant. (Doc. 1-1, pp. 2–6.) On June 2, 2023, Defendant removed the case to this Court based on diversity jurisdiction. (Doc. 1, pp. 1–3.) In its Notice of Removal, Defendant alleges and shows, regarding its own citizenship, that it is incorporated in the State of Delaware and has its principal place of business in the State of Wisconsin, and thus, under federal law, is a citizen of those two states. (See id. at p. 2; docs. 1-3, 1-4.) As for Plaintiff's citizenship, Defendant alleges only that "the Complaint alleges that [Plaintiff] is a Georgia limited liability company conducting business in the State of Georgia with its principal place of business located at 326 Prep Phillips Drive, Augusta, Georgia 30901." (Doc. 1, p. 2.) As a limited liability company, however, Plaintiff's citizenship is not dependent upon its state of formation or the location of its principal place of business; instead, such legal entities are citizens of every state in which each of their members are citizens. See Carden v. Arkoma Assocs., 494 U.S. 185, 187–88 (1990) (for diversity purposes, a limited partnership is a citizen of each state in which any of its partners, limited or general, are citizens); Rolling Greens, 374 F.3d at 1022 (for purposes of diversity jurisdiction, a limited liability company is a citizen of any state of which a member of the company is a citizen). Despite acknowledging that Plaintiff is a limited liability company, neither the Notice of Removal nor the Complaint allege any relevant specifics regarding Plaintiff's citizenship by setting forth the citizenship of its members. Accordingly, the Court is not convinced that the information in the Notice of Removal sufficiently establishes complete diversity.

Because the jurisdictional allegations contained in the notice of removal are insufficient to establish complete diversity, Defendant is **DIRECTED** to file an amended notice of removal

within **fourteen (14) days** from the date of this Order specifically addressing Plaintiff's citizenship and demonstrating that this Court has subject matter jurisdiction over this case.[1] Failure to do so will result in this case being remanded for lack of subject matter jurisdiction. The Court also invites, but does not require, Plaintiff to submit its own argument on whether the Court has subject matter jurisdiction

**SO ORDERED**, this 9th day of June, 2023.

R. STAN BAKER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

[1] The Court will not accept any amended notice of removal that incorporates by reference any factual allegation or argument contained in an earlier filing or that offers only a piecemeal amendment. Defendant's amended notice of removal should be a stand-alone filing that independently contains all the factual allegations necessary to establish removal is proper.